IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LESTER L. WASHINGTON**                                                        **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:10cv424-TSL-MTP**

**JACKSON STATE UNIVERSITY, ET AL.**                                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter was recently reassigned to the undersigned. Pending at the time of the reassignment was a motion by Plaintiff to proceed in district court without prepaying fees or costs [2]. Having reviewed Plaintiff's application and the applicable law, and being fully advised in the premises, the undersigned recommends that the request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 be denied.

## BACKGROUND AND ANALYSIS

Lester Washington, a *pro se* plaintiff, asks the court for permission to proceed, at taxpayer expense, with a third lawsuit against Jackson State University ("University") and numerous university professors and administrators. This lawsuit, as the previous two, asserts various claims arising out of Plaintiff's course of study in a graduate program at the University, his dismissal from the program, and his unsuccessful efforts at reinstatement. *See Washington v. Jackson State University, et al.*, No. 3:07cv74 (in which he was allowed to proceed *in forma pauperis*); *Washington v. Jackson State University, et al.*, No. 3:03cv1206 (in which he paid the filing fee despite later moving for *in forma pauperis* status).

Washington describes his current Complaint [1] as involving "newly discovered causes of action . . ." although numerous references are made to the prior cases. While not entirely

clear, the lawsuit appears to assert civil rights claims and, according to Plaintiff, was filed for reasons which include, *inter alia*, stopping "the Academic and Educational Homicides and/or Forced Academic Suicides [1] of African American Student and protected groups via the denial of all due process of law...."  Complaint [1], at 5.

Though not completely legible, Plaintiff's financial affidavit [2] establishes that he possesses several post-graduate degrees and is employed, earning approximately $1,550 per month.  While it is true that he lists significant indebtedness, he has no dependents and on occasion contributes financially to an adult daughter.

28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees.  *See generally Barnes v. Secretary, Department of Treasury*, 2010 WL 4220422 (S.D. Miss. 2010) (Report and Recommendation), *adopted* 2010 WL 4220554 (S.D. Miss. 2010); *Williams v. United States Postal Service*, 2010 WL 3828922 (S.D. Miss. 2010) (Report and Recommendation), *adopted* 2010 WL 3827944 (S.D. Miss. 2010).

Applying the factors set forth in these cited cases, the undersigned finds that Plaintiff, under his present circumstances and based on his financial affidavit and educational background, is not barred from proceeding in federal court by reason of his alleged impecunity.  Nor will he suffer any undue hardship if he is unable to proceed at taxpayer expense.  Accordingly, he should be required to pay the filing fee and other costs associated with this litigation and should be afforded a reasonable period of time to do so.[1]

---

[1] This approach was taken in both *Barnes* and *Williams, supra.*

## **RECOMMENDATION**

It is recommended that Plaintiff's Motion to Proceed in District Court Without Prepaying Fees or Costs [2] be **DENIED**.  It is further recommended that Plaintiff be given sixty (60) days to pay the filing fees in this case, with all costs associated with the filing of this lawsuit paid on or before April 4, 2011.   It is further recommended that this matter be dismissed, without prejudice, and without further notice should Plaintiff fail to timely pay the filing fee.

## **NOTICE OF RIGHT TO OBJECT**

In accordance with the rules, any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge and to the magistrate judge.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).[2]

---

[2]*Douglass* referred to the previously applicable ten-day period for the filing of objections; effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

This the 4th day of March, 2011.

                       s/Michael T. Parker
                       United States Magistrate Judge