UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT MISSISSIPPI
JACKSON DIVISION

LESTER L. WASHINGTON                                         PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:10CV424TSL-FKB

JACKSON STATE UNIVERSITY, ET AL.                             DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Attorney General for the State of Mississippi, Attorney General's Office-the Institutions of Higher Learning Of Mississippi, Pamela Banks, Debra Buchanan, Jeffery Cassisi, Richard Chiles, Kathy Elam, Velvelyn Foster, Reuben Gentry, Alfred Jackson, Jackson State University, An Yen Liu, Ronald Mason, Dr, Sidney McLaurin, Regina Quinn, Dollye Robinson, Dorris Robinson-Gardner, Kaye Sly, Joseph Martin Stevenson, Sheree Watson, Shih-Sung Wen, Quinton L. Williams and Sherry L. Wilson to dismiss pursuant to Rules 12(b) of the Federal Rules of Civil Procedure. Plaintiff Lester Washington opposes the motion, and the court, having considered the parties' submissions, concludes that the motion is well taken and should be granted.

On August 2, 2010, Plaintiff Lester L. Washington, proceeding pro se, filed this 42 U.S.C. § 1983 action against defendants alleging that they committed various violations of his constitutional and statutory rights during and following his enrollment as a graduate student at Jackson State University. On

December 21, 2011, the court denied plaintiff's motion to proceed in forma pauperis (ifp) and thus, plaintiff had the responsibility to serve process on the defendants.

By its June 5, 2012 order, the court granted Washington's motion to amend his complaint and allowed him until October 3, 2012, in which to complete service of process.[1] The order specifically directed plaintiff as follows:

> It is Plaintiff's obligation to prepare appropriate summonses, have them issued by the Clerk, and to timely serve them in accordance with Fed. R. Civ. P. 4. Rule 4(c) of the Federal Rules of Civil Procedure provides that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Plaintiff must serve all Defendants with the summons and amended complaint by no later than October 3, 2012, in the manner required by Fed. R. Civ. P. 4, and must file the proof of service of the summons and complaint by the

---

[1] Plaintiff filed the original complaint and a motion to proceed ifp on August 2, 2010. On August 4, 2010, prior to any ruling from the court on the ifp motion, the Clerk of the Court, without leave of court, issued summonses as to the named defendants. On August 6, 2010, the magistrate judge, recognizing that the summonses had been improvidently issued, entered an order rescinding the summonses until such time as ruling was made on plaintiff's ifp motion. Contrary to defendants' assertion that plaintiff has failed to achieve service during the thirty months that this case has been pending, it was not until December 1, 2011, when the court denied plaintiff's ifp motion, that it was established that plaintiff, as opposed to the United States Marshal, had the responsibility to serve process upon defendants. See, e.g., Ellis v. Principi, 223 F.R.D. 446, 447-448 (S.D. Miss. 2004) (stating that "for purposes of assessing the time for effecting service of process where the complaint is accompanied by a motion to proceed in forma pauperis, considerations of fairness dictate that the time for service be tolled until the court decides that motion").

2

server's affidavit pursuant to Rule 4(l) by that same date.[2]

Before the October 3, 2012 deadline expired, Washington filed an "emergency" motion seeking, among other things, to extend the time for service. The court, in its discretion, extended the deadline to serve process to November 1, 2012.[3]

On October 31, 2012 and November 6, 2012, following the court's denial of an October 12, 2012 motion by plaintiff to stay all proceedings, including the service of process, Washington filed virtually identical motions seeking the court's approval of his method of service, i.e., sending copies of the summonses and waiver forms via certified mail to Attorney General Jim Hood.[4] On January 2, 2013, the magistrate judge denied the motions, concluding that the method of service used by plaintiff was authorized by neither the Federal Rules of Civil Procedure nor

---

[2] The order further advised plaintiff that the case could be dismissed without prejudice if he did not timely serve process on the defendants.

[3] Rule 4(m) provides:

Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

[4] It is not clear whether plaintiff also sent copies of the complaint with his summonses.

3

Mississippi law. The same day, the magistrate judge issued a report and recommendation, recommending dismissal for failure to prosecute based on Washington's failure to serve process upon defendants by the court's November 1, 2012 deadline. Later the same day, defendants filed the current motion to dismiss, urging dismissal for insufficient service of process and failure to timely serve process. On January 16, 2013, Washington filed a "response to R&R and Motion to Strike the Motion to Dismiss and the Report and Recommendation," and on February 11, 2013, he filed a response in opposition to defendants' motion to dismiss the case. By both of these lengthy filings, Washington, aside from repeatedly accusing judges of this court of conspiring to violate his rights, focuses entirely on his position that his motion to proceed <u>ifp</u> was wrongly denied and had it not been so denied, the United States Marshal would have had the obligation to serve process on defendants.[5] For his part, Washington has not claimed that his service was valid. Rather, via his January 24, 2013

---

[5] On January 24, 2013, plaintiff filed a motion for an extension of time to file his response to the motion to dismiss, which was opposed by defendants. Thereafter, however, on February 11, 2013, the court not yet having ruled on his motion, plaintiff filed his 31-page response to the motion. Two days later, on February 13, 2013, plaintiff filed an emergency motion to stay the case until May 2013, because, among other things, his January 28, 2013 response to the motion to dismiss had not been received by the court. As plaintiff has filed a response and been given an opportunity to be heard on the issues raised by defendants' motion, his motion to stay will be denied.

4

emergency motion for time to re-serve the summonses, he appears to argue that he has demonstrated good cause for his failure to timely serve defendants, namely, he has been obstructed from serving process by unspecified actions of the Mississippi Attorney General and by orders of this court.[6] See Systems Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990) ("When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service."). Based on the following, the court concludes that defendants' motion is well taken and should be granted.

In support of their motion, defendants direct the court's attention to the twenty-four proofs of service which plaintiff filed on October 31, 2012. On each proof of service, plaintiff indicated that on October 6, 2012, he had served the summons, via United States Postal Service certified mail, on an unidentified individual who was allegedly authorized to accept service of process for the named defendants. Apparently, perceiving the insufficiency of his putative October 6 service, on October 30 and 31, plaintiff emailed the summonses and waiver forms to the individual defendants, asking them to waive service of process. Clearly, as the magistrate judge correctly determined in his

---

[6] By this filing, Washington seeks until March 9 or April 9, 2013 in which to re-serve the summons.

5

January 2, 2013 order, neither plaintiff's putative service of process nor his attempt to obtain waivers of service of process comported with federal or state law. <u>Washington v. Jackson State University</u>, 3:10CV424TSL-JMR, slip. op. pp. 3-6 (S.D. Miss. Jan. 2, 2013)(detailing, <u>inter alia</u>, deficiencies under federal and state rules of civil procedure in Washington's putative service of process); see <u>Brown v. Mississippi Cooperative Serv. Ext.</u>, 89 Fed. Appx. 437, 439 (5th Cir. Jan. 23, 2004) (affirming district court's dismissal of defendants sued in individual capacities where putative service made by certified mail sent to Mississippi Attorney General and quashing of service of defendants sued in official capacities where service purportedly made by certified mail to Mississippi Attorney General, as opposed to hand delivery).

Upon finding that service is insufficient but curable, a court "generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." <u>Rhodes v. J.P. Sauer & Sohn, Inc.</u>, 98 F. Supp. 2d 746, 750 (W.D. La. 2000) (citation and internal quotations omitted). However, dismissal without opportunity to cure is appropriate where proper service would be futile. <u>See id</u>. Here, defendants submit and the court agrees that in light of the fact that the 120-day time period for service of process, as well as the extensions permitted by the court, have expired and the fact that plaintiff has failed to demonstrate good

6

cause for his failure to timely serve process, re-service is futile and dismissal is appropriate. On the question of "good cause," plaintiff has provided absolutely no proof that any defendant has obstructed or otherwise evaded his attempts to serve process and certainly has not shown that orders of this court have interfered with his ability to effect service. Throughout this case, the court explicitly advised plaintiff of his responsibility to serve process in a manner prescribed by Rule 4 and within the time set forth in the court's orders and of the consequences of his failure to do so. Washington's pro se status does not excuse his failure to effect service on defendants. See Systems Signs Supplies, 903 F.3d at 1013 (holding that in order to establish good cause for failure to timely serve defendants, pro se plaintiff "must show more than inadvertence, mistake or ignorance of the rules"); Holly v. Metro. Transit Auth., 213 F. App'x 343, 344 (5th Cir. 2007) ("Nonetheless, when the failure of effective service may be ascribed to the plaintiff's dilatoriness or fault or inaction, the case may be properly dismissed."). Accordingly, defendants' motion to dismiss will be granted.

Based on the foregoing, it is ordered that defendants' motion to dismiss is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 28th day of February, 2013.

7

_____
UNITED STATES DISTRICT JUDGE